IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAYMON LEVI HUNTER,**

    **Plaintiff,**

    v.                                        **CASE NO. 25-3186-JWL**

**T. JOHNSON, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Raymon Levi Hunter is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Rice County Detention Center in Lyons, Kansas ("RCDC"). The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he has been subjected to unsanitary conditions at the RCDC. He states that he has been forced to breathe "black mold since the day I got to RCDC. Even after bringing to the Captain's attention." (Doc. 1, at 2, 3.) He alleges that there is black mold in the shower, on A pod, and in or near the dining area. *Id*. at 2.

Plaintiff also alleges that on five occasions he had to ingest his medication after Deputy Lovelady or another deputy dropped it on the floor or the cart then picked it up with his bare hands. *Id*. at 3.

Plaintiff names as defendants Captain T. Johnson and Deputy Cade Lovelady. He seeks relief in the form of $150,000. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### A. Failure to State a Claim

Plaintiff has raised claims regarding his conditions of confinement at the RCDC. Plaintiff alleges that he has been subjected to black mold and unsanitary medication.

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth

Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official *should* have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

The factual allegations Plaintiff includes in the Complaint are sparse, as recounted in section I. above, and are not sufficient to state a conditions-of-confinement claim.[1] The Complaint does not explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed Plaintiff, or what specific legal right Plaintiff believes the defendant violated. *See Nasious*, 492 F.3d at 1163. For instance, Plaintiff does not indicate how long he has been at the RCDC and exposed to mold. Plaintiff does not allege that any named defendant was personally responsible for the alleged unsafe conditions. Plaintiff alleges no facts showing that a defendant "both knew of and disregarded an excessive risk to [his] health or safety" related to the presence of mold or the dropped medication. *See Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 794 (10th Cir. 2013) (where prisoner claimed he was exposed to mold causing an allergic reaction, court found that he failed to show defendant knew of and disregarded an excessive risk to his health or safety despite his claim that defendant had a duty to inspect the prison facility but failed to do so). Plaintiff mentions that he complained to a captain about mold but does not state when he complained or what response he received. He also does not indicate whether he complained to anyone about the medication distribution procedures, and if so, to whom and when.

Further, Plaintiff fails to establish that either alleged condition poses the type of excessive risk to his health required to state an Eighth Amendment claim. A "bare allegation of [the presence of] mold . . . does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 F. App'x 111 (10th Cir. Feb. 11, 2004)). The Court also questions

---

[1] Plaintiff also filed two statements signed by other inmates. These statements provide more detail, but Plaintiff's Complaint must be based on his own observations and experiences. He may not bring claims on behalf of other inmates who are not parties to this action.

whether dropping a pill on the floor or other unsterile surface exposes Plaintiff to a substantial risk of serious harm. *See Lemmons v. Waters*, 2013 WL 5592977, *11 (N.D. Okla. Oct. 10, 2013) (allegation that pills dropped on floor but undamaged were given to inmates did not state Eighth Amendment violation); *cf. McMurray v. Emerald Corrections Management, LLC*, 2016 WL 10588128, *8 (D. N.M. March 25, 2016) (allegation that prison guard intentionally put inmate's food and medications on floor contaminated with sewage and rodent feces may state constitutional claim against guard). Plaintiff does not assert that he is particularly susceptible to harm from either claimed unsafe condition.

Plaintiff does not allege sufficient facts to state a plausible claim that conditions at the RCDC violated the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The mere presence of mold or the accidental dropping of medication does not suggest the RCDC contravened society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment. *Rhodes*, 452 U.S. at 346. Plaintiff's complaints regarding the conditions of his confinement at the RCDC are subject to dismissal for failure to state a claim of cruel and unusual punishment.

### B. Requested Relief Unavailable

Plaintiff seeks to recover $150,000 in damages. However, he does not allege that he suffered any physical injury as a result of the complained of conditions at the RCDC. The failure to allege a physical injury bars a plaintiff from receiving compensatory damages under 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

## IV.  Motion to Supplement

Plaintiff filed a motion (Doc. 2) seeking to add a second example of unsanitary medication handling to his Complaint.  The motion was received at the same time as the Complaint.  The Court grants the motion and has considered the allegations in screening the Complaint.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (25-3186-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to supplement (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 27, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 27, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 29, 2025, in Kansas City, Kansas.**

            **S/  John W. Lungstrum**
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**