IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAYMON LEVI HUNTER,**

    **Plaintiff,**

    v.                                         **CASE NO. 25-3186-JWL**

**T. JOHNSON, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Rice County Detention Center in Lyons, Kansas ("RCDC"). The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 6.) On September 29, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause by October 27, 2025, why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response as contained in a motion to amend the Complaint (Doc. 10).

Plaintiff alleges that he has been subjected to unsanitary conditions at the RCDC. He stated in the Complaint that he has been forced to breathe "black mold since the day I got to RCDC. Even after bringing to the Captain's attention." (Doc. 1, at 2, 3.) He alleges that there is black mold in the shower, on A pod, and in or near the dining area. *Id.* at 2.

Plaintiff also alleges that on five occasions he had to ingest his medication after Deputy Lovelady or another deputy dropped it on the floor or the cart then picked it up with his bare hands. *Id.* at 3.

1

Plaintiff named as defendants Captain T. Johnson and Deputy Cade Lovelady.  He seeks relief in the form of $150,000.  *Id*. at 5.

In the MOSC, the Court found that Plaintiff failed to state a claim for a number of reasons. The factual allegations Plaintiff includes in the Complaint are sparse and are not sufficient to state a conditions-of-confinement claim.  The Complaint does not explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed Plaintiff, or what specific legal right Plaintiff believes the defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Further, Plaintiff does not allege that any named defendant was personally responsible for the alleged unsafe conditions.  Plaintiff alleges no facts showing that a defendant "both knew of and disregarded an excessive risk to [his] health or safety" related to the presence of mold or the dropped medication.  *See Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 794 (10th Cir. 2013) (where prisoner claimed he was exposed to mold causing an allergic reaction, court found that he failed to show defendant knew of and disregarded an excessive risk to his health or safety despite his claim that defendant had a duty to inspect the prison facility but failed to do so).

In addition, Plaintiff's claims are subject to dismissal for failure to state a claim because he did not allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm."  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff does not allege sufficient facts to state a plausible claim that conditions at the RCDC violated the Eighth Amendment; "extreme deprivations are required."  *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The mere presence of mold or the accidental dropping of medication does not suggest the RCDC contravened society's "evolving standards of decency" so as to constitute a violation of the Eighth Amendment.  *Rhodes v. Chapman*, 452 U.S. 337, 347

2

(1981).

Finally, the Court found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e) because Plaintiff failed to allege a physical injury. (Doc. 7, at 8.)

Plaintiff has filed a response to the MOSC in the form of a letter designated by the clerk as a motion to amend his Complaint. (Doc. 10.) The MOSC gave him the opportunity to file an amended complaint and explained that to add claims or significant factual allegations, he had to submit a complete amended complaint. (Doc. 7, at 8.) Instead, Plaintiff ignored the instructions of the Court and filed a motion asking to supplement his Complaint. Plaintiff's motion is denied. However, since the deadline for Plaintiff to respond to the MOSC has passed, the Court considered the allegations contained in his motion in determining whether he showed good cause why his Complaint should not be dismissed. Plaintiff states in the motion that he wants to add another count to his Complaint ("Count III: Refused mental health help by Captain Johnson"). (Doc. 10, at 1.) The remainder of his motion consists of the following:

8/29/25  11:04 by T. Johnson symptoms 6/20

C. Eichman asked me to submit med request

8/23/25 Fwd by Eichman

Talked to [Eichman] about T. Johnson threatening me with punishment

8/4/25  6:00 p.m. by T. Johnson

7/28/25  8:33 p.m. by C. Strong

? 7/20/25 – Med request is deleted from my account.

7/20/25  9:41 p.m.  Notice no relief from my night meds as well

8/23/25  Tues between 6:00-6:30

Manley and Lovelady's bodycam

*Id*. at 2-3.

The motion does not adequately state a claim for another count and does not address the deficiencies with the Complaint explained by the Court in the MOSC.  Plaintiff has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to amend (Doc. 10) is **denied**.

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated October 31, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**